IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER BUSH | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-07-610 |
| JEROME SMITH and LT. EASTEPP | : | |
| | : | |
| Defendants | | |

o0o
## **MEMORANDUM**

The above-captioned civil rights action, filed on March 8, 2007, alleges that Plaintiff has been assigned to administrative segregation without benefit of a hearing wherein he would be permitted to address allegations that he has made weapons for inmates. Paper No. 1. In addition to the Complaint, Plaintiff has filed a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, his motion shall be granted. For the reasons that follow, the Complaint shall be dismissed.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court is also obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a Complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir.

1989).

Plaintiff alleges he is entitled to a disciplinary hearing prior to being assigned to segregation housing. Paper No. 1. There is no constitutional guarantee that prisoners will maintain general population housing assignments absent formal disciplinary charges followed by notice and an opportunity to be heard. The protections afforded by the due process clause apply when a protected property or liberty interest is at risk. In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Those protections do not apply where, as here, there is no revocation of earned good conduct credits.[1]

The touchstone for determining whether or not a particular housing assignment within the prison invokes a liberty interest has been explained by the Supreme Court. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). In *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) this standard was applied to allegations that confinement to administrative segregation for six months in "cells [that] were infested with vermin; were smeared

---

[1] It appears that plaintiff is a pretrial detainee awaiting trail and confined at the Prince George's County Detention Center and thus not eligible to earn good conduct credits.

with human feces and urine; and were flooded with water from a leak in the toilet on the floor above." The court held that those conditions did not implicate a liberty interest in avoiding administrative segregation because they did not represent a significant hardship. *Id*. Plaintiff has not alleged that conditions imposed on administrative segregation have caused him to suffer atypical and significant hardships in relation to the ordinary incidents of prison life. The Complaint merely states that he has been assigned to segregation and has not been provided with a hearing in which evidence supporting the reason for his assignment is produced. The absence of such a hearing is not a significant hardship.

Accordingly, by separate Order which follows, the Complaint shall be dismissed. Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury". The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.

Date:  3/22/07                                  /s/
                                          ROGER W. TITUS
                                     UNITED STATES DISTRICT JUDGE